Filed 6/18/21  P. v. Contreras CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>EDGAR FIDEL CONTRERAS,<br><br>    Defendant and Appellant. | A160042<br><br>(Mendocino County<br>Super. Ct. No.<br>SCUKCRCR1583264) |

Edgar Fidel Contreras appeals from an order denying his petition for resentencing under Penal Code section 1170.95.[1]  Contreras contends—and the People agree—the trial court erred by summarily denying his petition because he made a prima facie showing of entitlement to relief and the record did not conclusively establish his ineligibility as a matter of law.  We accept the People's concession, reverse the order denying the petition, and remand for further proceedings.

## I.  FACTS AND PROCEDURAL HISTORY

In March 2016, the prosecution filed an information charging Contreras, Mario Godinez Gonzalez, and Isidro Lopez Bernal

---

[1] All statutory references are to the Penal Code.

(collectively, defendants) with one count of murder (§ 187), with a special circumstance that the murder was committed during a robbery (§ 190.2, subd. (a)(17)(D)), and with one count of second degree robbery (§§ 211, 212.5, subd. (c)).  The information also alleged defendants personally and intentionally discharged firearms during the commission of the crimes (§ 12022.53, subd. (c)), and that they personally and intentionally discharged firearms proximately causing the victim's death (§ 12022.53, subd. (d)).

A.    Preliminary Hearing, Plea, and Sentence

Defendants went to a marijuana grow site in Mendocino County to steal marijuana plants.[2]  All three defendants were armed.  As Contreras and Gonzalez trimmed and bundled marijuana leaves, a voice told them to stop.  Then Contreras heard several gunshots.  Defendants fled, firing their guns as they ran.  At the grow site, police found the victim's dead body.  He had been shot three times.  The victim had a firearm in a holster at his side.

At the preliminary hearing, the prosecutor asserted "this is the classic felony murder case" and explained:  "we don't know which shot killed [the victim].  We know all defendants discharged a firearm and we know from the felony murder [rule] they are all on the hook . . . because they [were] in the attempted commission of a robbery. . . . They shot and someone died and that's the basis of the felony murder rule."  The court agreed "this is a classic case of the felony murder rule" and held Contreras to answer the charges.

---

[2] Our brief overview of the facts gleaned from evidence offered at the preliminary hearing is not intended to be exhaustive.

2

In 2017, Contreras pled guilty to second degree murder (§§ 187, 190, subd. (a)) and admitted personally using a firearm in the commission of the crime (§ 12022.53, subd. (b)). The parties agreed Contreras would receive a prison sentence of 25 years to life, comprised of 15 years to life for the murder conviction, plus a consecutive 10-year term for the firearm enhancement.

At the change of plea hearing, the prosecutor noted "this is a felony murder case. First-degree murder in the course of a robbery." When asked for the factual basis for the plea, the prosecutor responded that Contreras "intentionally [and] willfully caused the death of [the victim] by means of his association with others in [an] illegal activity. . . . The facts . . . fall under the felony murder rule. He's been given an advantage. He is part of a group that was involved in a marijuana rip-off that caused the death of [the victim]. In the course of that, he was armed with, and personally used, a firearm[.]" The prosecutor noted the facts did not "necessarily support a second-degree murder, but it's a discretionary decision I accepted when the offer was made[.]"

The court sentenced Contreras to 25 years to life in state prison.

B.     Resentencing Petition

In 2019, Contreras petitioned in propria persona for resentencing under section 1170.95. Contreras alleged he was prosecuted under a felony-murder theory; that he pled guilty to second degree murder because he believed he could have been convicted at trial under the felony-murder rule; and that he could no longer be convicted of murder because of changes to sections 188 and 189. The court concluded Contreras had stated a prima facie case for relief. It issued an order to

3

show cause, appointed counsel for Contreras, and ordered briefing on the merits of the petition.

In its briefing, the prosecution urged the court to withdraw the order to show cause and summarily deny the petition. According to the prosecution, the "theory of criminal liability" when Contreras entered his guilty plea "was not that of felony-murder" but as "a principal or an aider and abettor." The prosecution reasoned that because it had not pursued liability based on the felony-murder rule, Contreras was not eligible for relief under section 1170.95.

Over Contreras's opposition, the trial court agreed with the prosecution, withdrew the order to show cause, and summarily denied the petition. The court determined Contreras was ineligible for section 1170.95 relief because he was not convicted of felony murder. According to the court, Contreras "was convicted by way of plea of second degree murder based on the theory he was either a principal or an aider and abettor." As the court explained, the "factual basis for the second-degree murder . . . was not felony-murder (i.e., murder by someone else in the course of a robbery); rather it was murder as a principal or aider and abettor." Next, and relying on the charging documents, and the preliminary hearing and change of plea transcripts, the court concluded Contreras was not entitled to section 1170.95 relief because he could have been convicted of second degree murder under current law as a direct perpetrator, or an aider and abettor, had the case proceeded to trial.

## II. DISCUSSION

Numerous cases have detailed the changes that section 1170.95 made to California's murder laws, making it unnecessary for us to do so

4

here.  (See, e.g., *People v. Duchine* (2021) 60 Cal.App.5th 798, 808–810 (*Duchine*).)  Instead, we provide a brief overview of the statutory procedure.  As relevant here, a defendant may file a section 1170.95 petition where three conditions are met:  (1) an information was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder; (2) the petitioner was convicted of first or second degree murder following a trial, or accepted a plea offer in lieu of a trial at which the petitioner could be convicted of first degree or second degree murder; and (3) the petitioner could not be convicted of first or second degree murder because of changes to section 188 or 189 made effective January 1, 2019.  (§ 1170.95, subd. (a)(1)–(3).)

When a defendant files such a petition, the trial court must review it "and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section." (§ 1170.95, subd. (c).)  If the petitioner has made such a showing, the trial court must "issue an order to show cause."  (*Ibid*.)  "The trial court must then hold a hearing 'to determine whether to vacate the murder conviction and to recall the sentence and resentence the petitioner on any remaining counts in the same manner as if the petitioner had not . . . previously been . . . sentenced, provided that the new sentence, if any, is not greater than the initial sentence.' (§ 1170.95, subd. (d)(1).)" (*People v. Aleo* (May 27, 2021, F080005) __Cal.App.5th__ [2021 Lexis 445, p. *8].)  At the hearing, the prosecution has the burden "to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing."  (§ 1170.95, subd. (d)(3).)

In performing a prima facie review under section 1170.95, subdivision (c), the court must accept the allegations in the petition as

5

true unless the record of conviction conclusively disproves those facts as a matter of law. (*Duchine, supra,* 60 Cal.App.5th at pp. 812–816; *People v. Drayton* (2020) 47 Cal.App.5th 965, 968.) As our colleagues recently explained, the "time for weighing and balancing and making findings on the ultimate issues arises at the evidentiary hearing stage rather than the prima facie stage, at least where the record is not dispositive on the factual issues. Thus, absent a record of conviction that conclusively establishes that the petitioner engaged in the requisite acts and had the requisite intent, the trial court should not question his evidence. The court may . . . consider the record of conviction at the prima facie stage, but may not evaluate the evidence, make credibility findings adverse to the petitioner, engage in factfinding or exercise discretion." (*Duchine,* at p. 815.)

"The court may . . . consider the record of conviction at the prima facie stage . . . only to determine 'readily ascertainable facts,' such as the crime of conviction and findings on enhancements. Once the petitioner has made a prima facie showing, true factfinding should be reserved and exercised only after an order to show cause is issued and the parties are permitted to supplement the record with new evidence, including, if requested, through an evidentiary hearing."[3] (*Duchine, supra,* 60 Cal.App.5th at p. 815; see also *People v. DeHuff* (2021) 63 Cal.App.5th 428, 438–442 (*DeHuff*).)

---

[3] The California Supreme Court is considering whether a trial court may consider the record of conviction in determining whether the petitioner has made a prima facie showing of eligibility for relief under section 1170.95. (*People v. Lewis* (2020) 43 Cal.App.5th 1128, review granted March 18, 2020, S260598.)

The parties agree Contreras made a prima facie showing of eligibility for section 1170.95 relief by alleging an information was filed against him that allowed the prosecution to proceed under a felony-murder theory; that he pled guilty to second degree murder because he believed he could have been convicted at trial under the felony-murder rule; and that he could no longer be convicted of murder because of changes to section 188 or 189. The parties also agree the record does not conclusively establish Contreras is ineligible for relief as a matter of law.

"[O]ur review of the record comports with the parties' representations; that is, [Contreras] established a prima facie showing he is entitled to relief and the record did not rebut his allegations as a matter of law." (*People v. Aleo, supra*, __Cal.App.5th__ [2021 Lexis 445, p. *17].) At the preliminary hearing, the prosecution asserted—and the trial court agreed—the case was the quintessential felony-murder case. At the plea hearing, the prosecution again stated the case fell under the felony-murder rule and acknowledged the facts did not "necessarily support" a second-degree murder conviction. That the record may contain some evidence supporting Contreras's liability as a direct perpetrator, aider and abettor, or a major participant who acted with reckless disregard for human life does not "preclude [Contreras] from relief as a matter of law" at the prima facie stage. (*DeHuff, supra,* 63 Cal.App.5th at p. 442 [court erred by "reviewing the record for substantial evidence that [the defendant] could still be convicted under a valid theory of murder" at prima facie stage].)

Because Contreras made a prima facie showing he is entitled to relief and the record did not rebut his allegations as a matter of law,

7

the court was required to issue an order to show cause and hold a hearing at which the prosecution bears the burden of proving, beyond a reasonable doubt, that Contreras is ineligible for resentencing.  (*People v. Aleo, supra,* __Cal.App.5th__ [2021 Lexis 445, p. *14–17]; *DeHuff, supra,* 63 Cal.App.5th at p. 438 [agreeing with the People that defendant made a prima facie showing of eligibility for relief and remanding for evidentiary hearing]; *Duchine, supra,* 60 Cal.App.5th at p. 816 [same].)

We express no opinion on the result the court should reach after issuing an order to show cause and conducting a hearing under section 1170.95, subdivision (d).

### III.    DISPOSITION

The order denying Contreras's section 1170.95 petition is reversed.  The case is remanded with directions to issue an order to show cause and to hold a hearing at which the prosecution bears the burden of proving, beyond a reasonable doubt, that Contreras is ineligible for resentencing.  (§ 1170.95, subd. (d); *DeHuff, supra,* 63 Cal.App.5th at p. 442.)

_____

NEEDHAM, Acting P.J.

We concur.


_____

BURNS, J.


_____

RODRIGUEZ, J. *


*People v. Contreras* / A160042

_____

&ast; Judge of the Superior Court of Alameda County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

9